USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/24/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BYRON DALEY,

                Plaintiff,

- v. -

NANCY A. BERRYHILL,
ACTING COMMISSIONER
Social Security Administration,

                Defendant.

**ORDER**

16 Civ. 2246 (PGG) (JLC)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Byron Daley filed this action on March 27, 2016, pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of the Social Security Administration denying him Supplemental Security Income ("SSI") benefits on the ground that he was not disabled.[1] (Dkt. No. 1) On April 27, 2016, this action was referred to Magistrate Judge James L. Cott for a Report and Recommendation ("R & R"). (Dkt. No. 5) On March 23, 2017, pursuant to Judge Cott's scheduling order (see Dkt. No. 6), the parties filed a joint stipulation setting out their respective positions in lieu of filing cross-motions for judgment on the pleadings. (Dkt. No. 19)

        On July 28, 2017, Judge Cott issued an R & R recommending that this Court remand the matter to the Commissioner for further proceedings. (Dkt. No. 20) The R & R recites the requirement that the parties must file objections within fourteen days of service, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Berryhill is hereby substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this action.

that a "FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW." (Id. at 43-44) See also 28 U.S.C. § 636(b)(1) ("[w]ithin fourteen days after being served with a copy [of a magistrate judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations"); Fed. R. Civ. P. 72(b)(2) ("[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations"). No objections to the R & R have been filed by either side.

This Court "may accept, reject, or modify in whole or in part" findings or recommendations issued by a magistrate judge. 28 U.S.C. § 636(b)(1). "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)). Because no objections have been filed, this Court will review the R & R for clear error.

Having conducted a review of the 44-page R & R, the Court finds that the R & R is not clearly erroneous and, in fact, is extremely thorough, well-reasoned, and entirely in conformity with the law.

Judge Cott concluded that the case should be remanded to the Commissioner because the administrative law judge ("ALJ") "failed to comply with the treating physician rule." (R & R (Dkt. No. 20) at 29-39) "That rule mandates that the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not

2

inconsistent with other substantial record evidence." Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000). "An ALJ who refuses to accord controlling weight to the medical opinion of a treating physician must consider various 'factors' to determine how much weight to give to the opinion[,] ... [including] (i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion." Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (citing 20 C.F.R. § 404.1527(c)(2)). After considering these factors, the ALJ "must 'comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion.'" Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008) (quoting Halloran, 362 F.3d at 33). The regulations require that the ALJ "'always give good reasons in [his] notice or decision for the weight give[n]'" to the treating physician's opinion, see Halloran, 362 F.3d at 32, and "[c]ourts have not 'hesitate[d] to remand [cases] when the [ALJ] has not provided "good reasons" for the weight given to a treating physician['s] ... opinion.'" Pena ex rel. E.R. v. Astrue, No. 11 Civ. 1787 (KAM), 2013 WL 1210932, at *15 (E.D.N.Y. Mar. 25, 2013); see also Burgess, 537 F.3d at 130 (remanding because ALJ failed to give good reasons for not crediting treating physician's opinion).

Here, Judge Cott concluded that the ALJ "failed to comply with the treating physician rule because he declined to give controlling weight to [Plaintiff's treating physician's] opinion without giving good reasons for his determination." (R & R (Dkt. No. 20) at 30) Judge Cott explained that "[t]he ALJ did not consider the factors outlined by the Second Circuit; at least two of the three proffered reasons are not good reasons; and the decision not to afford

3

controlling weight to the treating physician's opinion was crucial to the ALJ's determination that [Plaintiff] was not disabled." (Id.; see also id. at 29-39) Judge Cott concluded that "[t]he ALJ's failure to comply with the treating physician rule is a legal error warranting remand," and recommends that on remand the ALJ be directed to "reevaluate the weight that should be afforded to the opinion of treating physician Dr. [John] Dellosso based on the considerations outlined [in the R & R]." (Id. at 30, 43) Judge Cott further recommends that, on remand, the ALJ reevaluate his credibility determination regarding Plaintiff's subjective complaints. (Id. at 49-43) This Court agrees with Judge Cott's analysis and recommendations.

## CONCLUSION

For the reasons stated above, the R & R's recommendations are adopted in their entirety. The Clerk of the Court is directed to remand the matter to the Commissioner of Social Security and to close this case.

Dated: New York, New York
September 24, 2017

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

4